In considering all of the circumstances in which Christopher Garcia's 30-year sentence finally came to an end, Graham and Mellor clarified the scenario for evaluating a group of claims and made clear that in evaluating these claims, all of the circumstances that were taken into account, including defender characteristics and differences in defender standards, were irrefutable. Your position is that Graham and Mellor overruled the Supreme Court's previous jurisprudence that a mandatory minimum should constitute a minimum? No, no. A mandatory minimum seems that you have to look at all of the circumstances in which he is to end, and in those circumstances, the circumstances being warranted as a mandatory minimum. So that's what you're saying? Your Honor, I believe the circumstances in which he is to be considered, for example, in Mellor, the court has not made a mandatory minimum. The court in Mellor invalidated the mandatory minimum in 20 out of 60, and made clear that a mandatory minimum is not a paramount. A mandatory minimum does not inflate a sentence or a claim as a decision. Well, this is important in Mellor's saying. You simply cannot have this mandatory minimum here. You can close it in Mellor's view, but I guess what you see here in this class, which is that Mellor is responsible, and there's not just a case of mandatory minimum. That wasn't a case-by-case evaluation. It was a case-by-case evaluation of the minimum. It simply simply said, that's a case-by-case determination. Therefore, the mandatory minimum is not a constitutional minimum. Your Honor, that did involve the closure of the Categorical Court of the Court of Arbitration for all courts. Your Honor, it did not set the Categorical Constitution. We have no knowledge of the statute that applies to the Categorical Court of Arbitration. You can constitute your own post-mortem sentence in the Categorical Constitutional realm and make a mandatory minimum. Is that what Mellor said here? Yes, Your Honor. But it also, Miller and Graham also went through the basic principles that must be applied in case-by-case analysis. And they explicitly said that the Court's judicial responsibility is to consider all of the contributors. All right. So your position really is, I mean, I'm not sure what your position is. Your position is you should separate the two of them, am I right? Well, yes, it is. I'm just a Congress director. I'm an attorney at an OECD. But I'm just an attorney. So I'm an attorney. That's not in play for me. I'm an attorney. And I would like to point out this Court's precedent in Norris, which followed Graham and evaluated a mandatory minimum of life without parole for a recidivist child as a vendor. And the Court said, if this was a closed case and you had to pin it on Mellor's witness, it would not propose the possibility of finding evidence of constitutional offense. This Court's precedent is not going to do that. So I want to pause and again focus on who's in charge of the Court. It may well be that 30 years after Graham loses his constitutional, at least some constitutional, period. It can't be just a constitutionalized case, can it? It can't be just a case where you get a mandatory minimum of safety, and you apply it to others, whether it's your client, unless you get a 30-year sentence to teach for it, or a 35-year sentence, or whatever. We're talking here about a statute that requires you, according to these 30 years, to be in your safehouse to change your constitutional record. And then finally, and that is the disposition. I'd like to point out two parts of the Norris case. Your Honor, the other thing that Graham and Mellor did very well was file a case amendment, a claims matter speech, that's according to evolving standards. Harlow was 25 years old. And Graham is, to this point now, 17 years old. He was in the farmland and kneeling before the state of Washington. So on the very first statement of analysis, nothing is set in stone, and everything has to be judged by the standards. However, in turn, the Graham company, evolving standards, has imposed a case on the Graham company, evolving standards, as opposed to the state of Washington. As applied to the statute, it's rewarding. It's very, very easy for us to look down on its own terms and affordance with evolving standards, and accumulate the knowledge of how the rights play out. That's something very important in our case, because we now know that the law of the brain, though, is not a claim to be made to be judged. My client is 71 years old, with a history of studies that he's not described, and that reads the part that's valid. In an open book of history, it doesn't start very early in history, and it has a preliminary code of conduct that is consistent with the state of Washington. The first part of it is that the state of Washington is not a claim to be made. We simply do not require a 30-year legal process for this kind of inquiry. The second part of it is, once we look at the statute of the brain, we look at the individual characteristics of your client, and we should pursue the lesser sentence. Thank you. Your Honor, I can't tell you how much more you respect it. It must be the lesser sentence. We have a statute which requires a required reason to 30 years. We are required to apply this in a judicial system that is constitutionally binding. Thank you, Your Honor, because the state of Washington is not a claim to be made. It's a constitution. It's a constitution. Yes. We state that you cannot, since you cannot argue first, anything but the statutes of the constitution, and that's what you ought to do. You see, it's being made by argumentators. A constraint is an argument, and this is your first argument, is that you can't give the statute to some client if it's used in a judicial system. The second argument is, you apply it on every sentence, and the third argument is that you can't use it. Yes. Now, we have a chance in the second one unless we come in first, right? If we come in first, it's an additional four to three sentences. So we're not worried about these characteristics. You've done it, Your Honor, so you receive what you've done, and you've done it in good steps. We're not here arguing your client's case law and saying, well, wait for a minimum time order, and so on and so forth. Your Honor, I want Graham to be clear. Graham Miller is the judicial responsible. He held the court's responsibility to assess all of the legal life of the offender. Your Honor, and he has to make a professional determination that under this case, this is a grossly disproportionate amount of liability for the offender. I don't know if you can hear me, Your Honor. I'm trying to help you. Oh, yes, Your Honor. Your Honor, I have a question for you. I'm trying to understand, how do you carry in a case where it seems to me to be the right judgment in a really moral or ethical sense as it's said to be carried? It's hard to answer. However, it's my understanding that in the state of Massachusetts, these were not raised in the judicial report. Is this in any way? No, Your Honor, because it's a strict work. Basically, I am talking to this, and each of the people involved in the judicial conditions must do their due work in order to get the results that they want and the ones that they can get from the jury as moral and ethical judges. Thank you. Your Honor, and I'll leave you with that. Thank you. Good morning. Good morning, Your Honor. I'm Angela Flores, and I'm representing the United States. We have been in this position for about 30 years. We represent at the low end of the I-5 range, and we have been in it for a good amount of time. I've also experienced a constitutional reason in which our brief condition can be affirmed. It's been argued for a lesser substance for a number of reasons. First of all, the statutory minimum that we have as jury sentences for Section 2241C does not include Section 235, which is a sentencing factor that has argued in fact is consistent with our previous When there's a mandatory minimum, the only consideration for 35 pages and three pages is whether you go above the mandatory minimum that judges sustain. I'm giving you the mandatory minimum because 35 pages requires that you submit your sentencing. The mandatory minimum that's required is no different sentences, no larger sentences required by 35 pages and three pages. That's all you need to be able to accept it. That's correct, Your Honor. And I would agree that Your Honor is creating a precedent with regards to the fact that we don't even get to go that we don't even get to look at 35 pages and three pages of the court. Your Honor, I'm not sure I have the answer so let me ask you what we have here is we have 33 elections and it's important at this time because it's quite a serious time but we don't judge judges and I want you to consider whether or not you're submitting your real sentences or your 30 year sentences. If it's unfortunate that you can't judge these as a determination why isn't the analysis agreement that you wrote isn't a justice issue and    I think that it's also sort of that the sentencing documents in this case actually were exactly in line with the statutorily prescribed sentencing agreement in that sentence and that's not the
judges: Callahan, Hurwitz, Molloy